UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD HOEFT,

        Plaintiff,

        v.                                            Case No. 09-C-0237

CAPTAIN BRIAN DOMMISSE,[1]

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 22), AND DISMISSING CASE

Plaintiff, Richard Hoeft, a former prisoner at the Fox Lake Correctional Institution (FLCI), has filed a pro se complaint alleging that he was fired from his prison job by the defendant, Captain Brian Dommisse, a former FLCI employee, in retaliation for exercising a constitutionally protected right. Specifically, Hoeft claims that because he filed lawsuits "all the time," Dommisse fired him from his food service cleanup job in the FLCI work release program.[2]

On December 18, 2009, Dommisse filed a motion for summary judgment along with supporting materials. (*See* Docs. # 23, 26.) Hoeft responded by filing a "motion for continuance" pursuant to Federal Rule of Civil Procedure 56(f). This court denied the motion on February 17, 2010, but provided Hoeft an additional fourteen days to respond to

---

[1] In his complaint, Hoeft states "at least one John Doe or Jane Doe defendant" in the caption. The body of the complaint, however, provides no allegations against anyone other than defendant Dommisse. At the scheduling conference of September 23, 2009, the court ordered that defendant "John Doe" would be dismissed from the action unless the court heard otherwise within two weeks. Nothing further was submitted on the matter and the "John Doe" defendant was thereby dismissed.

[2] Hoeft also alleged in his complaint that his civil rights were violated when he was "replaced [] with a black inmate." This claim was previously dismissed pursuant to 28 U.S.C. § 1915(e)(2). (*See* Order of April 17, 2009 (Doc. # 3); Order of May 26, 2009 (Doc. # 12).)

Dommisse's motion for summary judgment and proposed findings of fact. However, nothing was filed.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and (2) the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Id.* at 323. After this burden is met, the nonmoving party must designate facts supporting or defending its case. *Id.* at 322-24.

In analyzing whether a question of material fact exists, this court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion; rather, there must be a genuine issue of material fact for the case to survive. *Id.* at 247-48. "Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would support a verdict in the nonmovant's favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. Furthermore, only evidence that would be admissible at trial may be considered by the court for the purposes of deciding a summary judgement motion. *Woods v. City of Chicago,* 243 F.3d 979, 988 (7th Cir. 2000). If the plaintiff fails to support any essential element of a claim, all other facts are rendered immaterial. *Celotex*, 477 U.S. at 323. Where the record, taken as a whole, could not lead

2

a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Civil Local Rule 56.2(e) (since amended) states that "[i]n deciding a motion for summary judgment, the court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out." *See also* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.") Here, Hoeft received a copy of this rule, along with a short and plain statement describing the consequences for failure to respond, as required by Civil Local Rule 56.1. (Docs. # 22, 23, 26); *see Kincaid v. Vail*, 969 F.2d 594, 598-99 (7th Cir. 1992)

Though advised of the consequences for failing to respond to the defendants motion for summary judgment, Hoeft did not submit any response to Dommisse's motion and proposed findings of fact. Therefore, the court concludes that there are no genuine issues as to any of Dommisse's proposed findings of fact.[3] *See Greer v. Bd. Of Educ. Of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001) (noting that pro se plaintiffs must comply with a district court's local rules governing responses to proposed findings of fact and summary judgment motions to survive a motion for summary judgment). Nonetheless, the court will consider factual assertions based on personal knowledge provided in Hoeft's verified complaint. *See*

---

[3] District court's are entitled to expect strict compliance with local rules governing summary judgment. *See Cichon v. Exelon Gernation Co. L.L.C.,* 401 F.3d 803, 809 (7th Cir. 2005); *Bordelon v. Chicago Sch. Reform Bd. Of Trs.,* 233 F.3d 524, 527 (7th Cir. 2000).

3

*Ford v. Wilson,* 90 F.3d 245, 246 (7th Cir. 1996) (noting that a verified complaint may serve as an affidavit to the extent that factual assertions therein comply with Rule 56(e)). *But see Albiero v. City of Kankakee*, 246 F.3d 927, 933-34 (7th Cir. 2001) (noting that conclusory statements are insufficient to survive summary judgment); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.")

UNDISPUTED FACTS

Captain Dommisse was employed by the Wisconsin Department of Corrections as a Supervising Officer at FLCI from February 1982 to December 2008. (Dommisse Aff. ¶ 2.) As a Supervising Officer, Dommisse was responsible for the supervision and treatment of inmates. (*Id.* ¶ 3.)

Hoeft was transferred to FLCI on September 13, 2007, and placed in housing unit 10. (*Id.* ¶ 5.) At FLCI, work release program inmates are housed in unit 10, if possible. (*Id.* ¶ 6.) On approximately September 19, 2007, Hoeft was given a "Food Service Clean-up" work assignment. (*Id.* ¶ 7.) He was placed on a "Light Duty Activity Level" for two months starting April 29, 2008, due to an injury. (*Id.* ¶ 8 & Ex. 102.) Inmates with a Light Duty Activity Level are ineligible to participate in the work release program. (*Id.* ¶ 9.)

After Hoeft informed Dommisse that he could not work due to his injury, Dommisse removed Hoeft from the work assignment. (*Id.* ¶¶ 10-11.) This action was memorialized in Dommisse's memorandum to Hoeft dated April 29, 2008:

> You are removed from the work release program for a medical condition that was determined to be unrelated to your work release assignment by Dr. Larsen. This removal is per our conversation in which you stated to me that you could not work

4

> due [sic] your condition, and to prevent further aggravation of your medical condition. Additionally, your medical classification has been changed to light activity making you ineligible to participate in the work release program.

(*Id.* ¶ 11 & Ex. 103.)

## DISCUSSION

Hoeft brings this action 42 U.S.C. § 1983, claiming that he was removed from the work release program in retaliation for filing civil lawsuits. "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). And prisoners have a First Amendment right of access to the courts. *See id.; Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

"To prevail on his § 1983 claim of First Amendment retaliation, [a plaintiff] ha[s] to prove that '(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future'; and (3) a causal connection between the two." *Watkins v. Kasper*, 599 F.3d 791 (7th Cir. 2010 (quoting *Bridges,* 557 F.3d at 546)).[4] Here, Hoeft's claim fails because there is no evidence of a causal link between Dommisse's actions and any lawsuit he may have filed.

The undisputed facts demonstrate that Hoeft was not "fired" from his job in the FLCI kitchen, but was removed from that position consistent with prison policy because his physical injury caused him to be placed on "Light Duty Activity Level." Even taking as true the conclusory allegation that Dommisse said "all you do is file lawsuits," (Compl. 2), Hoeft

---

[4] In his brief, Dommisse notes that the third element of the prima facie retaliation claim requires the plaintiff to show that the protected activity "was at least a motivating factor in the employer's action." (Def.'s Br. in Supp. Mot. for Summ. J. 4.); *see Massey v. Johnson*, 457 F.3d 711 (7th Cir. 2006). However, the Supreme Court recently clarified that when statutes do not specifically state that the burden shifts to the defendant to prove that the act in question was not a motivating factor, the plaintiff retains the burden of proving "but for" causation. *Gross v. FBL Fin. Serv., Inc.*, 129 S. Ct. 2343, 2351(2009); *see also Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009) (noting that *Gross* applies to § 1983 cases, and jury instructions must reflect the *Gross* standard).

5

does not dispute that he was ineligible to continue in his work assignment based on his activity level, and he does not dispute that he informed Dommisse on April 29, 2007, that he could not continue working due to his injury.[5] Hence, Hoeft cannot succeed on his claim. *See Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (noting that plaintiff must show that allegedly retaliatory actions would not have occurred absent a retaliatory motive). Therefore,

IT IS ORDERED that the defendant's unopposed motion for summary judgment (Doc. # 22) is granted.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 12th day of August, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

---

[5] Hoeft submitted an affidavit along with his "Motion for a Continuance" in which he asserts that an inmate nicknamed "Shaky" informed him that despite being on light duty restriction, he could still work an institution job. With this, Hoeft asserts that Dommisse must be lying about the reasons for removing him from his job. (Doc. # 30.) This affidavit does not add to Hoeft's position for several reasons. First, it was not submitted in response to the Defendant's summary judgment motion and need not be considered by the court. Second, the information from "Shaky" is inadmissible to the extent it is to be offered for the truth of the matter asserted. Finally, Hoeft's statement that Dommisse must be lying is based on speculation rather than personal knowledge and is insufficient to create an issue of material fact. *See* Fed. R. Civ. P. 56(e); *Albiero*, 246 F.3d at 933 ("We repeatedly have held that 'self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.'" (quoting *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1993)).

6